AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: s/ AUSA David R Nichols Jr 5/17/2024

amg 5/17/24

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Premises known as 10212 North Chisholm Trail Boulevard, Edmond, Oklahoma 73013, surrounding curtilage, and any vehicles, garages, and outbuildings thereon

Case No. M-24-442 -AMG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(o) | Unlawful Possession of a Machine Gun |

The application is based on these facts:
See attached Affidavit of ATF Special Agent David Moore

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:(____________) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

David Moore, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/17/24

[signature]
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Amanda Maxfield Green, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**STATE OF OKLAHOMA** )
)
**COUNTY OF OKLAHOMA** )

**AFFIDAVIT**

I, David Moore, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, and Firearms (ATF) being duly sworn, depose and state that:

1. I am employed as a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since March 2022. Prior to Employment with ATF, I was employed by the Oklahoma Department of Corrections. I have been employed in law enforcement for over twelve years. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; because of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws. I am currently assigned to the Oklahoma City Field Office and am charged with investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as amended in Title 18, United States Code, Sections 921 et seq. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants under the authority of the United States.

2. I am investigating Michael Paul Smith (**SMITH**). **SMITH** resides in Logan County, Oklahoma, which is within the Western District of Oklahoma. There is probable cause to believe **SMITH** is engaged in the manufacture and transfer of machine guns in

violation of 26 U.S.C. § 5861(a), failure to register as dealer, manufacturer, or importer or pay required tax, U.S.C. § 5861(e), transferring firearm in violation of NFA. There is also probable cause to believe **SMITH** is violation of 26 U.S.C. § 5861(f), for making a firearm in violation of NFA, and is still in possession of machine guns in violation of, 26 U.S.C. § 5861(c), possession of firearm made in violation of NFA, U.S.C. § 5861(d), possession of unregistered NFA, and 18 U.S.C. § 922(o), unlawful possession of machinegun.

3.   This affidavit is made in support of an application for a warrant to search **SMITH**'s residence, including outbuildings and vehicles which are specifically linked to **SMITH** that are located at 10212 North Chisholm Trail Boulevard, Edmond, Logan County, Oklahoma (the **SUBJECT PREMISES**), which is described in Attachment A to this affidavit, for the items specified in Attachment B hereto, which constitute instrumentalities, fruits, and evidence of violations of 26 U.S.C. § 5861(a), U.S.C. § 5861(c), U.S.C. § 5861(d), U.S.C. § 5861(e), U.S.C. § 5861(f) and 18 U.S.C. § 922(o).

4.   Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a crime, contraband, fruits of a crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime involving the foregoing violations are presently located at the **SUBJECT PREMISES**.

5. Based upon my training and experience, I have learned people engaged in the business of manufacturing, transferring and possessing of firearms and machine guns frequently maintain books, records, receipts, notes, records of communications, ledgers, bank records, money orders, and other papers and electronic records relating to the purchase, manufacture, transportation, ordering, sale and illegal transport, transfer, and exportation of weapons and ammunition. Furthermore, I know peopled engaged in the business of manufacturing privately made firearms (PMF) and machinegun conversion devices (MCD) often maintain literature pertaining to the assembly, manufacture, and functioning of weapons and ammunition, including, but not limited to: books, pamphlets, drawings, sketches, diagrams, photographs, photocopies, and computer generated or computer stored information of the same information and frequently utilize multiple pieces of manufacturing equipment including lathes, drills, drill presses, 3D printers, computers, electronic tablets or cell phones to run computer-aided design software and other unspecified implements during the manufacturing process. I also know individuals engaged in these actions utilize computers, cellular phones, tablets and other methods to store information and to communicate with witting and unwitting coconspirators or customers. And, finally, I know based on my training and experience that individuals engaged in these types of behaviors often keep firearms in their homes and business for the purpose of protection and sale.

## BACKGROUND OF THE INVESTIGATION

6. In May of 2024 an undercover (UC) ATF Special Agent (S/A) made contact with **MICHAEL PAUL SMITH** by telephone number (405) 834-8018. Over the course

of multiple telephone conversations using the aforementioned phone number, **SMITH** agreed to meet the UC to sell multiple drop-in auto sear machine gun conversion devices (MCD). **SMITH** also indicated he is manufacturing the MCDs in a shop located at the **SUBJECT PREMISES. SMITH** also indicated he runs a car body shop at the **SUBJECT PREMISES.**

7. On or about May 9, 2024, Agents conducting surveillance on the **SUBJECT PREMISES** observed **SMITH** working on a trailer near a shop building located on the **SUBJECT PREMISES. SMITH** was later observed leaving the **SUBJECT PREMISES**, where closed gates were observed being opened without the physical assistance of **SMITH** or other people.

8. On May 13, 2024, UC S/A met with **SMITH** in Oklahoma County, located in the Western District of Oklahoma. The meeting time and location were discussed in telephone conversations using (405) 834-8018. During the meeting, **SMITH** sold the UC S/A two (2) AR-15 style drop-in auto sear MCDs. Furthermore, **SMITH** told the UC S/A that he previously sold MCDs to other persons and invited the UC S/A to participate in future MCD sales with unknown conspirators. SMITH also indicated he was working with other unknown conspirators from the Bahamas. When **SMITH** left the meeting location, Agents observed **SMITH** travel northbound, which is consistent with him returning to the **SUBJECT PREMISES** from the meeting location.

9. Following the meeting with **SMITH** on May 13, 2024, the MCDs were installed, and function tested in an AR-15 style firearm. When installed, both of the MCDs function tested as machine guns. Furthermore, on the same date, photographs of

the machinegun conversion devices were sent to the ATF Firearms & Ammunition Technology Division for an official examination. It was opined that the recovered machine gun conversion devices are of the Swift Link variety.

Figure 1: Image of one of the recovered machine gun conversion devices.

10. The device (Figure 1) is commonly called a Swift Link. Based on my training and experience, I am aware that a Swift Link is a device that can be installed in a semi-automatic AR-15 style firearm, which enables the firearm to fire more than one round for each pull of the trigger. Therefore, a properly installed Swift Link will convert an AR-15 style firearm from a semi-automatic firearm to a machinegun as defined in Title 18, United States Code, Section 921(a)(24).[1]

---

[1] For purposes of a criminal violation under 18 U.S.C. § 922, Title 18, United States Code, Section 921(a)(24) adopts the definition of "machinegun" as set forth in the National Firearms Act, 26 U.S.C. § 5845(b). Under § 5845(b), "[t]he term 'machinegun' means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, **any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person**. 26 U.S.C. § 5845(b) (emphasis added).

11. On May 13, 2024, I submitted a request to search the National Firearms Registration and Transfer Record (NFRTR) using **SMITH**'s personal identifying information. No records were located during the search.

12. On May 14, 2024, I submitted a request to search for any Federal Firearm Licenses (FFL) and Special (Occupational) Taxes related to **SMITH**. No records were located during the search.

13. On May 16, 2024, I reviewed information obtained from the Edmond Police Department associated with a vehicle collision that occurred on May 1, 2024. **SMITH** and his wife, Brandy Smith, were involved parties. Both **SMITH** and Brandy Smith provided officers with the physical address of the **SUBJECT PREMISES** as their home address.

14. Therefore, I believe there is probable cause to believe that evidence of violations of 26 U.S.C. § 5861(a), 26 U.S.C. § 5861(e), 26 U.S.C. § 5861(f), U.S.C. § 5861(c), 26 U.S.C. § 5861(d), and 18 U.S.C. § 922(o) will be found in the **SUBJECT PREMISES**.

---

Accordingly, based on my training and experience, a Glock switch meets the definition of "machinegun" because it is a part that is solely intended for use in converting a weapon into a machinegun. Under 18 U.S.C. § 922(o), it is "unlawful for any person to transfer or possess a machinegun."

## CONCLUSION

15. Based on the above information, there is probable cause to believe that 26 U.S.C. § 5861(a), 26 U.S.C. § 5861(e), 26 U.S.C. § 5861(f), U.S.C. § 5861(c), 26 U.S.C. § 5861(d), and 18 U.S.C. § 922(o) have been violated, and that evidence, fruits, and instrumentalities of these offenses are located at the **SUBJECT PREMISES**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PREMISES**, described in Attachment A, authorizing the seizure of the items described in Attachment **B.**

David Moore
Special Agent
Bureau of Alcohol Tobacco and Firearms

Sworn and subscribed before me this 17th day of May, 2024.

AMANDA MAXFIELD GREEN
United States Magistrate Judge

## ATTACHMENT A

## DESCRIPTION OF THE SUBJECT PREMISES

10212 North Chisholm Trail Boulevard, Edmond, Logan County, Oklahoma, 73025 is located on the east side of North Chilson Trail Boulevard, north of Davis Drive and south of Glenn Trail Drive. The property contains multiple buildings including a primary trailer house, a large red and white outbuilding, a smaller red and white outbuilding, several other smaller buildings, a recreational vehicle, numerous other vehicles and trailers. Photos of the **SUBJECT PREMISES** are below.



**ATTACHMENT B**

**DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED**

1. Firearms and ammunition, including but not limited to machineguns, machinegun conversion devices, handguns, pistols, revolvers, rifles, shotguns, or other illegal weapons.

2. Items which tend to show dominion and control of the property searched, including, but not limited to, utility bills, telephone bills, correspondence, rental agreements, property tax payment records, receipts from the payment of insurance premiums on the residence, photographs, and other identification documents.

3. Any documents indicating the possession, sale, receipt, purchase or barter for items in exchange for firearms or property, specifically ammunition packaging, containers, labels, receipts, and other items pertaining to the possession of firearms, including gun cases, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items.

4. Any documents or literature related to the assembly, manufacture, and functioning of weapons and ammunition, including, but not limited to: books, pamphlets, drawings, sketches, diagrams, photographs, photocopies, and computer generated or

computer stored information of the same information. And the associated tools and implements used in the firearm manufacture process including, but not limited to: lathes, drills, drill presses, 3D printers, computers, electronic tablets or cell phones to run computer-aided design software and other unspecified implements during the manufacturing process.

5. Records and documents which reflect the sale, trade, pawn, receipt or disposition of any firearm, buyer lists, seller lists, books reflecting the value of firearms and or notes, cryptic or otherwise, pay-owe sheets, records of sales, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase goods and services, to include bulk amount of US and foreign currencies.

6. Any digital storage media including but not limited to cell phones, digital cameras, computers, compact discs and flash drives, as broadly defined by 18 U.S.C. § 1030(e)(1), used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized, searched, and forensic copies thereof.

 a. With respect to any cell phone used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

i. **SMITH's** finger and/or thumb prints, or hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of unlocking the device;

ii. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

iii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iv. evidence of the attachment of other devices;

       v.       evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

       vi.       evidence of the times the device was used;

       vii.       passwords, encryption keys, and other access devices that may be necessary to access the device;

       viii.       applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

       ix.       records of or information about Internet Protocol addresses used by the device;

       x.       records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

b.    As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored

in any form, including in digital form on any digital device and any forensic copies thereof.